**WO**                                        NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen S. Edwards, | No. CV-16-01842-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| PPH Corporation, *et al.*, | |
| Defendants. | |

At issue are Defendant PHH Corporation's Motion to Dismiss (Doc. 9, MTD),[1] to which *pro se* Plaintiff Stephen S. Edwards filed a Response (Doc. 11, Resp.); Defendant's Notice of Plaintiff's Non-Compliance with LRCiv 7.2 (Doc. 12), to which Plaintiff filed a Response (Doc. 18); Plaintiff's Motion to Enlarge the Page Limit to His Response (Doc. 17); Plaintiff's Motion for Leave to Amend His Complaint (Doc. 14), to which Defendant filed a Response (Doc. 19); and Plaintiff's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 15). The Court finds these matters appropriate for resolution without oral argument. *See* LRCiv 7.2(f).

After Defendant filed the Motion to Dismiss (Doc. 9) at issue here, Plaintiff filed a Response that was both a week late and far beyond the page limit at 27 pages long—both in contravention of Local Rule 7.2. *See* LRCiv 7.2(e), (i). Though Plaintiff filed a request

---

[1] The header of the Complaint mis-names Defendant PHH Corporation as PPH Corporation, and PHH Corporation contends that the second named Defendant, PPH Mortgage Corporation, does not exist, nor does any PHH Mortgage Corporation. (MTD at 1 n.1.)

to exceed the page limit in his Response, he filed that request 16 days after he filed the Response, and the request was thus untimely. Plaintiff does not provide any good cause for his repeated untimeliness, except to cite the wrong rule setting the deadlines for response briefs. While some leeway is given to *pro se* litigants in some instances, such leeway is not warranted here, where Plaintiff has appeared *pro se* and filed at least 16 lawsuits in this District in the last several years and thus has ample experience with the Court's Rules. For these reasons alone, the Court would disregard Plaintiff's untimely, over-length Response and grant Defendant summary disposition of its Motion to Dismiss under Local Rule 7.2(i).

However, the Court finds it in the interests of judicial economy and repose to state that Plaintiff's claims in this lawsuit are barred by the doctrine of claim preclusion, or *res judicata*. The judicially-created doctrine of claim preclusion "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (internal quotations and citations omitted). "[A] federal court sitting in diversity must apply the [claim preclusion] law of the state in which it sits." *Id.* In Arizona, *res judicata* will preclude a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties was, or might have been, determined in the former action. *Hall v. Lalli*, 977 P.2d 776, 779 (Ariz. 1999). Arizona follows the "same evidence test" in which "the plaintiff is precluded from subsequently maintaining a second action based upon the same transaction, if the evidence needed to sustain the second action would have sustained the first action." *Pettit v. Pettit*, 189 P.3d 1102, 1105 (Ariz. Ct. App. 2008) (internal citation omitted).

In their briefing, both Plaintiff and Defendant point out that this is Plaintiff's fourth lawsuit alleging Defendant mis-handled Plaintiff's loan on the same property, which is presently in default. (MTD at 2; Resp. at 19-20.) In Plaintiff's 2015 lawsuit against Defendant, his third, he alleged that he "has been requesting a payoff from PHH

1 since October 2014," that "PHH has just now provided it months later," and that the
2 "practice of not providing a payoff letter for more than 6 months is egregious and
3 punitive." (D. Ariz. Case No. 2:15-cv-00919-ROS ("*Edwards III*"), Doc. 1 ¶ 11.) These
4 allegations also form the basis of Plaintiff's claims in the present lawsuit, and it is beyond
5 dispute that, under the same evidence test, there is an identity of claims and parties
6 between Plaintiff's former lawsuit and the present one.

7 In the former lawsuit, District Judge Silver dismissed Plaintiff's claims for failure
8 to state a claim but allowed Plaintiff an opportunity to amend his complaint. (*Edwards
9 III*, Doc. 15.) After the Court gave him an extension, Plaintiff failed to file an amended
10 complaint, and the Court dismissed the case with prejudice. (*Edwards III*, Docs. 15, 22,
11 25.) Plaintiff appealed, and the Ninth Circuit Court of Appeals dismissed the appeal.
12 (*Edwards III*, Doc. 33.) Plaintiff is now precluded by law from bringing the same
13 claim—or any claim based on the same transaction and using the same evidence—against
14 the same Defendant. This defect in Plaintiff's Complaint is fatal and cannot be cured by
15 amendment, and the Court must thus dismiss Plaintiff's claims and deny Plaintiff's
16 Motion to Amend as futile. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

17 IT IS THEREFORE ORDERED granting Defendant's Motion to Dismiss (Doc. 9)
18 and dismissing Plaintiff's claims with prejudice.

19 IT IS FURTHER ORDERED denying Plaintiff's Motion for Leave to Amend His
20 Complaint (Doc. 14).

21 IT IS FURTHER ORDERED denying as moot Plaintiff's Motion to Allow
22 Electronic Filing by a Party Appearing Without an Attorney (Doc. 15).

23 IT IS FURTHER ORDERED denying as untimely Plaintiff's Motion to Enlarge
24 the Page Limit to His Response in Opposition of Defendant's Motion to Dismiss
25 (Doc. 17).

26 . . . .
27 . . . .
28 . . . .

1  IT IS FURTHER ORDERED that the Clerk of Court shall enter final judgment
2 accordingly and close this case.

3 Dated this 25th day of January, 2017.

Honorable John J. Tuchi
United States District Judge